In re HILLCREST FOODS, INC., Pure 1, Inc., WJM Co., and Mendelson Farms, Inc., Debtors.

HILLCREST FOODS, INC., Pure 1, Inc., WJM Co., and Mendelson Farms, Inc., Plaintiffs,

v.

Theodore T. BRIGGS, as he is Superintendent of the Department of Business Regulation for the Bureau of Insurance of the State of Maine, Defendant.

Bankruptcy Nos. 281–00098 to 00101. Adv. No. 281–0040.

United States Bankruptcy Court, D. Maine.

April 2, 1981.

Gerald Gillerman, Widett, Slater & Goldman, Boston, Mass., Gerald S. Cope, Portland, Me., for debtors.

Peter B. Bickerman, William C. Nugent, Asst. Attys. Gen., Augusta, Me., for defendant.

ORDER REINSTATING SELF–INSURERS STATUS OF DEBTORS

FREDERICK A. JOHNSON, Bankruptcy Judge.

This matter, after notice, came on for a preliminary hearing on March 25, 1981. Counsel for both parties were present. After hearing evidence from William Bott, financial consultant to the Debtors, and Robert Flynn, consultant to the Debtors in respect to Workers' Compensation insurance, and after hearing the arguments of counsel, the Court finds that the Department of Business Regulation, Bureau of Insurance of the State of Maine, by Theodore T. Briggs, Superintendent, addressed a letter to Hillcrest Foods, Inc. purporting to summarily suspend the Debtors' status as a self-insurer under the Workers' Compensation law. The letter contained the following language:

> Under authority of Title 39 M.R.S.A., Section 23(2), I hereby suspend indefinitely the authority of Hillcrest Foods, Inc. to self-insure workers' compensation benefits in this state, for the reason that the filing of a petition for voluntary bankruptcy by Hillcrest Foods, Inc. constitutes failure to satisfactorily establish solvency and financial ability to pay the compensation and benefits required under the Workers' Compensation Act... This suspension is effective immediately upon your receipt of the notice....

From the evidence presented at the preliminary hearing, including the letter, which was admitted as an Exhibit, the Court concludes that the summary suspension of the Debtors' status as a self-insurer

under the Workers' Compensation Act may be a violation of Section 525 of the Bankruptcy Code [11 U.S.C. § 525] which prohibits a governmental unit from discriminating against a debtor solely because a debtor is or has been a debtor under the Bankruptcy Code.[1] It is, therefore,

ORDERED and ADJUDGED

that the summary suspension of the Debtors' status as a self-insurer under the Workers' Compensation Act is void and of no effect and the Debtors are hereby restored to their status as self-insurers under Maine's Workers' Compensation Act pending a full hearing upon the Debtors' complaint which seeks permanent restoration of their status as self-insurers.

1. Section 525 [11 U.S.C. § 525] reads in part as follows:

> [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, . . . a person that is or has been a debtor under this title

. . . solely because such bankrupt or debtor is or has been a debtor under this title . . ., has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title . . . .